```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7
                    IN THE UNITED STATES DISTRICT COURT
 8
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
 9

10

11  UNITED STATES OF AMERICA,        )   2:07-2050 LKK/KJM
                                     )
12          Plaintiff,                )   JOINT STATUS REPORT,
                                     )   REQUEST AND STIPULATION
13      v.                           )   FOR STAY, AND ORDER
                                     )
14  2001 FORD EXCURSION,             )
    VIN: 1FMSU41F11EB17545,          )   DATE: February 4, 2008
15  CALIFORNIA LICENSE NUMBER:       )   TIME: 3:30 p.m.
    4TIU844,                         )   COURTROOM: 4/Chambers
16                                   )
    2002 HAULMARK TRAILER,           )
17  VIN: 16HPB16202A006280,          )
    CALIFORNIA LICENSE NUMBER:       )
18  4FF3593, and                     )
                                     )
19  APPROXIMATELY $6,000.00 IN U.S.  )
    CURRENCY,                        )
20                                   )
            Defendants.              )
21  _____)
```

Plaintiff United States of America and claimants Kurt and Monica Karst (collectively "the parties") submit the following Joint Status Report, Request and Stipulation for Stay, and Order [Proposed] pursuant to the Court's November 29, 2007, order.

(a) **Parties**: The U.S. Attorney's Office, through the undersigned counsel, represents the plaintiff United States of America.

1

Claimants are represented by Brenda Grantland.

(b) **Summary of Facts and Legal Theories**:

The United States alleges this property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(4) because plaintiff contends the defendant Ford Excursion was used to haul the defendant trailer containing marijuana plants and equipment used to cultivate marijuana (fans, fertilizer, humidifiers, timers, generators, etc.) and another controlled substance (anabolic steroids). The United States contends the cash found in the defendant Ford Excursion is the proceeds of a drug transaction or was intended to facilitate a drug transaction and is therefore forfeitable pursuant to 21 U.S.C. § 881(a)(6).

(c) **Service of Process**:

The owners of the defendant property, Kurt and Monica Karst, were served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, Lis Pendens, and Court Notices. The Karsts filed Claims to the property and filed Answers to the Complaint for Forfeiture In Rem.

On October 3, 2007, the U.S. Marshal arrested the defendant currency as authorized by the Warrant for Arrest In Rem issued on or about October 2, 2007. On November 1, 2007, the U.S. Marshal arrested the defendant vehicles.

Accordingly, service is complete.

In addition, notice of the forfeiture was published once in the Feather River Bulletin by the U.S. Marshal. Proof of Publication was filed with the Court on December 13, 2007.

(d) **Possible Joinder of Additional Parties**:

None anticipated.

(e) **Any Expected or Desired Amendment of Pleadings**:

None.

(f) **Jurisdiction and Venue**:

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345, 1355, and 21 U.S.C. § 881. Venue is proper in this district pursuant to 28 U.S.C. § 1395(b) because the defendant property that is subject to forfeiture was seized in this district.

(g) **Anticipated Motions with Suggested Law and Motion Dates**:

The parties request that this case not be scheduled at this time because they are requesting a stay of further proceedings for six months as explained in the following paragraph.

(h) **Anticipated Discovery And The Scheduling Thereof**:

Pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) the parties suggest that a stay of further proceedings in this case is necessary because the government's investigation into the criminal activity underlying this forfeiture action is on-going. A stay has already been entered in the related cases (until August 1, 2008 in U.S. v. 2004 Honda ATV, 2:07-2124 LKK/KJM, and until February 15, 2008 in U.S. v. Real Property, 6874 Almanor Lake Estates Drive, 2:07-974 LKK/KJM) [1].

The United States contends that the defendant vehicles are forfeitable because they were transporting marijuana, steroids,

---

[1] The parties will be seeking a continuance of the stay in this case to August 1, 2008, so that the related cases are on the same schedule.

and marijuana cultivation equipment, and that the cash is forfeitable as drug proceeds.

The United States intends to depose the claimants about the claims they filed in this case; their sources of income; and their involvement in the cultivation and distribution of marijuana. If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their alleged interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the on-going criminal investigation. If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

In addition, claimants intend to depose law enforcement officers who were involved in initial vehicle stop that led to the search of the defendant trailer and to the investigation that ultimately led to the execution of a state search warrant at two residences owned by claimants and the defendant property. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal investigation.

Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the investigation and possible prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the

4

property is forfeitable. For these reasons, the government requests that this matter be stayed until August 1, 2008. At that time the government will advise the Court whether a further stay is necessary.

(i) **Further Proceedings, Suggested Case Schedule**:

The parties request that the case not be scheduled at this time.

(j) **Special Proceedings**:

None.

(k) **Demand For Jury Trial**:

Claimants made a timely demand for a jury trial.

(l) **Estimate of Trial Time**:

No more than 4 court days.

(m) **Modification of Standard Pretrial Procedures**:

None.

(n) **Related Matters**:

<u>U.S. v. 6874 Almanor Lake Estates Drive</u>, 2:07-974 LKK/KJM

<u>U.S. v. 1066 Eaton Road</u>, 2:07-975 LKK/KJM

<u>U.S. v. 3077 Nord Avenue</u>, 2:07-1039 LKK/KJM

<u>U.S. v. 2004 Honda ATV</u>, 2:07-2124 LKK/KJM

A Related Case Order was filed on November 8, 2007.

(o) **Settlement Judge**:

The government requests that another judge be assigned as the settlement judge.

(p) **Use of the Voluntary Dispute Resolution Program:**

The parties do not believe VDRP is appropriate in this case.

//

//

1    (q) **Other matters**:
2        None known at this time.
3
4    DATED: January 25, 2008                McGREGOR W. SCOTT
                                            United States Attorney
5
6                                     By:   /s/ Kristin S. Door
                                            KRISTIN S. DOOR
7                                           Assistant U.S. Attorney
8
9    Dated: January 25, 2008                /s/ Brenda Grantland
                                            BRENDA GRANTLAND
10                                          Attorney for claimants
                                            Kurt and Monica Karst
11
12                                **ORDER**
13       For the reasons set forth above, this matter is stayed
14   pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) and 21 U.S.C. §
15   881(i) until August 1, 2008.  On or before August 1, 2008, the
16   parties will advise the Court whether a further stay is
17   necessary.
18       The scheduling conference scheduled for February 4, 2008, is
19   vacated.
20
21   IT IS SO ORDERED.
22   Dated: January 29, 2008.
23
24
25                                    LAWRENCE K. KARLTON
                                      SENIOR JUDGE
26                                    UNITED STATES DISTRICT COURT
27
28