```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,         )
                                      )   2:07-CV-00974 LKK/KJM
12          Plaintiff,                )
                                      )   STIPULATION TO EXTEND STAY
13      v.                            )   AND ORDER
                                      )
14  REAL PROPERTY LOCATED AT 6874     )
    ALMANOR LAKE ESTATES DRIVE,       )
15  LAKE ALMANOR, CALIFORNIA,         )
    PLUMAS COUNTY, APN:               )
16  106-114-011, INCLUDING ALL        )
    APPURTENANCES AND IMPROVEMENTS    )
17  THERETO,                          )
                                      )
18          Defendant.                )
    _____)
19  UNITED STATES OF AMERICA,         )
                                      )
20                                    )   2:07-CV-00975 LKK/KJM
            Plaintiff,                )
21                                    )
        v.                            )
22                                    )
    REAL PROPERTY LOCATED AT 1066     )
23  EATON ROAD, CHICO, CALIFORNIA,    )
    BUTTE COUNTY, APN: 007-250-088,   )
24  INCLUDING ALL APPURTENANCES AND   )
    IMPROVEMENTS THERETO,             )
25                                    )
            Defendant.                )
26  _____)

27  //

28  //

                         1
```

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, ) | |
| | ) | 2:07-CV-001039 LKK/KJM |
| 2 | Plaintiff, ) | |
| | ) | |
| 3 | v. ) | |
| | ) | |
| 4 | REAL PROPERTY LOCATED AT 3077 ) | |
| | NORD AVENUE, CHICO, CALIFORNIA, ) | |
| 5 | BUTTE COUNTY, APN: 042-050-047, ) | |
| | INCLUDING ALL APPURTENANCES AND ) | |
| 6 | IMPROVEMENTS THERETO, ) | |
| | ) | |
| 7 | Defendant. ) | |
| 8 | _____) | |
| | ) | |
| 9 | UNITED STATES OF AMERICA, ) | 2:07-2050 LKK/KJM |
| | ) | |
| 10 | Plaintiff, ) | |
| | ) | |
| 11 | v. ) | |
| | ) | |
| 12 | 2001 FORD EXCURSION, ) | |
| | VIN: 1FMSU41F11EB17545, ) | |
| 13 | CALIFORNIA LICENSE NUMBER: ) | |
| | 4TIU844, ) | |
| 14 | ) | |
| | 2002 HAULMARK TRAILER, ) | |
| 15 | VIN: 16HPB16202A006280, ) | |
| | CALIFORNIA LICENSE NUMBER: ) | |
| 16 | 4FF3593, and ) | |
| | ) | |
| 17 | APPROXIMATELY $6,000.00 IN U.S. ) | |
| | CURRENCY, ) | |
| 18 | ) | |
| | Defendants. ) | |
| 19 | _____) | |
| | ) | |
| 20 | UNITED STATES OF AMERICA, ) | 2:07-CV-02124-LKK-KJM |
| | ) | |
| 21 | Plaintiff, ) | |
| | ) | |
| 22 | v. ) | |
| | ) | |
| 23 | 2004 HONDA ATV TRX350, VIN: ) | |
| | 478TE240244307570, and ) | |
| 24 | ) | |
| | 2004 HONDA ATV TRX400FA RANCHER,) | |
| 25 | VIN: 478TE29034413393, ) | |
| | ) | |
| 26 | Defendants. ) | |
| | _____) | |

1    Plaintiff United States of America, and the claimants in the
five cases described above (Peter Buchanan, Kurt and Monica
Karst, individually and as the trustees of the Karst Family
Revocable Trust, and Bank of America in the <u>Almanor Lakes Estates</u>
action cases; James and Tamara Robertson, Peter Buchanan, and
Kurt and Monica Karst in the <u>Eaton Road</u> action; and Peter
Buchanan and Paris and Arlus Moore in the <u>Nord Avenue</u> action)
submit the following Stipulation to Extend Stay and Order
(Proposed). The Stipulation to Extend Stay is based upon the
following:

    1.   The actions described in the captions above are all related. A Related Case Order was entered on November 8, 2007.

    2.   A stay was entered in <u>U.S. v. 2001 Ford Excursion et al.</u>, 2:07-cv-2050 LKK/KJM, and <u>U.S. v. 2004 Honda ATV, et al.</u>, 2:07-cv-2124 LKK/KJM until August 1, 2008, pursuant to the stipulation of the parties in those two actions due to an on-going criminal investigation involving claimants (other than lienholders Bank of America and Paris and Arlus Moore).

    3.   A stay was also entered in <u>U.S. Real Property, 6874 Almanor Lakes Estates Drive</u>, 2:07-cv-984 LKK/KJM; <u>U.S. v. Real Property, 1066 Eaton Road</u>, 2:07-cv-975 LKK/KJM; and <u>U.S. v. Real Property, 3077 Nord Avenue</u>, 2:07-cv-1039 LKK/KJM until August 1, 2008, for the reasons described above.

    4.   The parties in the all five action request that the existing stay be extended until February 1, 2009, since they are all related and arise out of the same criminal investigation which is still on-going.

    5.   18 U.S.C. § 981(g)(1) expressly provides that upon

motion of the United States the court "shall stay the civil forfeiture action if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation." Similarly, 18 U.S.C. § 981(g)(2) expressly provides that upon motion of a claimant, the court shall stay the civil forfeiture action if the court determines that a claimant is the subject of a related criminal investigation; the claimant has standing to assert a claim in the civil forfeiture action; and continuation of the forfeiture proceeding will burden the claimant's right against self-incrimination.

6. The United States contends that the defendant real properties were used to facilitate the cultivation of marijuana and are therefore forfeitable to the United States. In addition, the United States contends the various vehicles were bought with drug proceeds and/or were used to facilitate the cultivation and distribution of marijuana. The United States intends to depose the claimants about the claims they filed in this case and their involvement in the cultivation and distribution of marijuana. If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their alleged interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the on-going criminal investigation. If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the

defenses raised in their Answers.

7. In addition, claimants intend to depose law enforcement officers who were involved in the investigation that ultimately led to searches at the defendant properties. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal investigation.

8. Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the investigation and possible prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable. For these reasons, the parties request that this matter be stayed until February 1, 2009, so that all the related cases are stayed during the same period.

9. In addition, the parties in the <u>Almanor Lakes Estates</u> action have been involved in preparing a stipulation and proposed order permitting the interlocutory sale of the property. The stipulation and proposed order will be submitted to the court as soon as the parties agree on the terms of the sale. The parties do not intend that the stay the parties are seeking in this Stipulation to Extend Stay will interfere in any way with the interlocutory sale.

DATED: July 24, 2008                    McGREGOR W. SCOTT
United States Attorney

By: <u>/s/ Kristin S. Door</u>
KRISTIN S. DOOR
Assistant U.S. Attorney

```
 1  DATED: July 25, 2008                    BLACKMON & ASSOCIATES

 2

 3                                      By  /s/ Clyde Blackmon
                                            CLYDE BLACKMON
 4                                          Attorney for claimant
                                            Peter Buchanan (as a
 5                                          lienholder in Eaton Road and
                                            owner in Almanor Lake
 6                                          Estates and Nord Avenue)

 7

 8  DATED: July 28, 2008                    /s/ William G. Panzer
                                            WILLIAM G. PANZER
 9                                          Attorney for claimants
                                            James M. Robertson and
10                                          Tamara Robertson (Eaton Road)

11

12
    DATED: July 25, 2008                    /s/ Brenda Grantland
13                                          BRENDA GRANTLAND
                                            Attorney for claimants
14                                          Kurt and Monica Karst
                                            Individually and as the
15                                          Trustees of the Karst Family
                                            Revocable Trust (as
16                                          lienholders in Eaton Road and
                                            owners in Almanor Lakes
17                                          Estates and owners of the
                                            vehicles)
18

19  DATED: July 28, 2008                    JACOBS, ANDERSON, POTTER &
                                            CHAPLIN, LLP
20

21                                      By  /s/ Douglas B. Jacobs
                                            DOUGLAS B. JACOBS
22                                          Attorney for claimants
                                            Arlus and Paris Moore
23                                          (Lienholder in Nord Avenue)

24

25  //

26  //

27

28

                                        6
```

| | |
|---|---|
| 1  DATED: | PITE DUNCAN LLP |
| 2 | |
| 3 | By  /s/ Bruce J. Quilligan for |
| 4 | STEVEN J. MELMET |
| | Attorney for claimant Bank of America (lienholder in <u>Almanor Lakes</u>) |

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until February 1, 2009. The parties will advise the court at least 10 days prior to February 1, 2009, whether a further stay is necessary.

IT IS SO ORDERED.

Dated: August 6, 2008

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT