```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8                 IN THE UNITED STATES DISTRICT COURT

 9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10                                  )
                                    )
11  UNITED STATES OF AMERICA,       )  2:07-cv-00975 LKK/KJM
                                    )
12          Plaintiff,              )
                                    )  STIPULATION TO EXTEND STAY
13       v.                         )  AND ORDER
                                    )
14  REAL PROPERTY LOCATED AT 1066   )
    EATON ROAD, CHICO, CALIFORNIA,  )
15  BUTTE COUNTY, APN: 007-250-088, )
    INCLUDING ALL APPURTENANCES AND )
16  IMPROVEMENTS THERETO,           )
                                    )
17          Defendant.              )
    _____)
18                                  )
    UNITED STATES OF AMERICA,       )
19                                  )  2:07-CV-001039 LKK/KJM
            Plaintiff,              )
20                                  )
         v.                         )
21                                  )
    REAL PROPERTY LOCATED AT 3077   )
22  NORD AVENUE, CHICO, CALIFORNIA, )
    BUTTE COUNTY, APN: 042-050-047, )
23  INCLUDING ALL APPURTENANCES AND )
    IMPROVEMENTS THERETO,           )
24                                  )
             Defendant.             )
25  _____)

26  //

27  //

28

                                    1
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-2050 LKK/KJM |
| Plaintiff, | |
| v. | |
| 2001 FORD EXCURSION,<br>VIN: 1FMSU41F11EB17545,<br>CALIFORNIA LICENSE NUMBER:<br>4TIU844, | |
| 2002 HAULMARK TRAILER,<br>VIN: 16HPB16202A006280,<br>CALIFORNIA LICENSE NUMBER:<br>4FF3593, and | |
| APPROXIMATELY $6,000.00 IN U.S.<br>CURRENCY, | |
| Defendants. | |
| UNITED STATES OF AMERICA, | 2:07-CV-02124-LKK-KJM |
| Plaintiff, | |
| v. | |
| 2004 HONDA ATV TRX350, VIN:<br>478TE240244307570, and | |
| 2004 HONDA ATV TRX400FA RANCHER,<br>VIN: 478TE29034413393, | |
| Defendants. | |

Plaintiff United States of America, and the claimants in the four cases described above (Kurt and Monica Karst, individually and as the trustees of the Karst Family Revocable Trust in the personal property actions; James and Tamara Robertson, Peter Buchanan, and Kurt and Monica Karst in the Eaton Road action; and Peter Buchanan and Paris and Arlus Moore in the Nord Avenue action) submit the following Stipulation to Extend Stay and Order (Proposed). The Stipulation to Extend Stay is based upon the following:

2

1. The actions described in the captions above are all related. A Related Case Order was entered on November 8, 2007.

2. A stay was entered in U.S. v. 2001 Ford Excursion et al., 2:07-cv-2050 LKK/KJM, and U.S. v. 2004 Honda ATV, et al., 2:07-cv-2124 LKK/KJM until February 1, 2009, pursuant to the stipulation of the parties in those two actions due to an on-going criminal investigation involving claimants (other than lienholders Paris and Arlus Moore).

3. A stay was also entered in U.S. v. Real Property, 1066 Eaton Road, 2:07-cv-975 LKK/KJM; and U.S. v. Real Property, 3077 Nord Avenue, 2:07-cv-1039 LKK/KJM until February 1, 2009, for the reasons described above.

4. The parties in the all four actions request that the existing stay be extended until August 3, 2009, since they are all related and arise out of the same criminal investigation which is still on-going.

5. 18 U.S.C. § 981(g)(1) expressly provides that upon motion of the United States the court "shall stay the civil forfeiture action if the court determines that civil discovery will adversely affect the ability of the government to conduct a related criminal investigation." Similarly, 18 U.S.C. § 981(g)(2) expressly provides that upon motion of a claimant, the court shall stay the civil forfeiture action if the court determines that a claimant is the subject of a related criminal investigation; the claimant has standing to assert a claim in the civil forfeiture action; and continuation of the forfeiture proceeding will burden the claimant's right against self-incrimination.

6.      The United States contends that the defendant real properties were used to facilitate the cultivation of marijuana and are therefore forfeitable to the United States.  In addition, the United States contends the various vehicles were bought with drug proceeds and/or were used to facilitate the cultivation and distribution of marijuana.  The United States intends to depose the claimants about the claims they filed in this case and their involvement in the cultivation and distribution of marijuana.  If discovery proceeds, claimants would be placed in the difficult position of either invoking their Fifth Amendment right against self-incrimination and losing the ability to protect their alleged interest in the defendant property, or waiving their Fifth Amendment rights and submitting to depositions and potentially incriminating themselves in the on-going criminal investigation.  If claimants invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed in this action and the defenses raised in their Answers.

7.      In addition, claimants intend to depose law enforcement officers who were involved in the investigation that ultimately led to searches at the defendant properties.  Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal investigation.

8.      Accordingly, the parties contend that proceeding with these actions at this time has potential adverse affects on the investigation and possible prosecution of the related criminal case and/or upon claimants' ability to prove their claim to the

property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed until August 3, 2009, so that all the related cases are stayed during the same period.

DATED: January 20, 2009  
LAWRENCE G. BROWN  
Acting United States Attorney

By: /s/ Kristin S. Door  
KRISTIN S. DOOR  
Assistant U.S. Attorney

DATED:  
BLACKMON & ASSOCIATES

By _____  
CLYDE BLACKMON  
Attorney for claimant  
Peter Buchanan (as a  
lienholder in Eaton Road and  
owner in Nord Avenue)

DATED: _____  
WILLIAM G. PANZER  
Attorney for claimants  
James M. Robertson and  
Tamara Robertson (Eaton Road)

DATED: January 20, 2009  
/s/ Brenda Grantland  
BRENDA GRANTLAND  
Attorney for claimants  
Kurt and Monica Karst  
Individually and as the  
Trustees of the Karst Family  
Revocable Trust (as  
lienholders in Eaton Road and  
owners of the vehicles)

| | | |
|---|---|---|
| DATED: | | JACOBS, ANDERSON, POTTER & CHAPLIN, LLP |
| | By | _____<br>DOUGLAS B. JACOBS<br>Attorney for claimants<br>Arlus and Paris Moore<br>(Lienholder in <u>Nord Avenue</u>) |

## **ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until August 3, 2009. The parties will advise the court by July 20, 2009, whether a further stay is necessary.

IT IS SO ORDERED.

Dated: January 23, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT